## STAR BALL PLAYER CO. v. PLAYOGRAPH CO.

Circuit Court of Appeals, Third Circuit.
June 7, 1927.

No. 3602.

Patents ⬤═328—1,071,080 and 1,127,498, for baseball display boards, held not infringed.

Oscanyan patent, Nos. 1,071,080 and 1,127,498, for baseball display boards, visualizing baseball games, *held* not infringed.

Appeal from the District Court of the United States for the District of New Jersey; Joseph L. Bodine, Judge.

Patent infringement suit by the Star Ball Player Company against the Playograph Company. From a decree of dismissal, plaintiff appeals. Affirmed.

J. Granville Meyers and Thomas J. Johnston, both of New York City, for appellant.

M. Casewell Heine and Edmund Quincy Moses, both of New York City, and Calvin T. Milans, of Washington, D. C., for appellee.

Before BUFFINGTON, WOOLLEY, and DAVIS, Circuit Judges.

BUFFINGTON, Circuit Judge. This case concerns the baseball display boards used by newspaper offices, department stores, and others to visualize baseball games. The court below dismissed a bill based on patents Nos. 1,071,080 and 1,127,498, issued to Oscanyan, on the ground of noninfringement. After full consideration of the case, we are of opinion it committed no error in so doing. In view of the fact that all parties are desirous, for seasonal trade reasons, to have a prompt decision, we refrain from the delay incident to the preparation of an opinion and adopt as expressing our views the statement following from the opinion of the court below:

"The gist of the invention in the first patent sued upon is that the movable elements representing the runner are relayed from base to base. In the second patent, the runner members are adapted to relay from base to base, while the bodily relayed member is adapted to be picked up and carried by the next succeeding runner member. The defendant does not use this relay method, or the runner members, which move between any two bases, but ingeniously and cleverly has simplified its mechanism, so that the runner is carried through the circuit of the bases. Discs representative of the player are clipped on the moving device, and a sufficient number are used to show the play. If a runner is struck out, the disc is merely unclipped from the moving device.

"In the plaintiff's board, there are four separate moving devices, each between two bases, and the indicator is relayed from base to base, while in the defendant's board there is only one carrier, which continues in its movement around the circuit of the bases, and the player indicators are manually applied."

It is enough to say that, from our careful study of this case, it is plain that the essence of the inventions, as disclosed, not only by the specifications, but by each claim in suit, is a "relay" of runner members from

base to base, and that in the mechanism of the defendant's device there is no such element.

So holding, the decree below is affirmed.